IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LISETH LOPEZ LEZAMA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-01347 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| HARPERS HOT SHOT TRUCKING, LLC, ) | MAGISTRATE JUDGE NEWBERN |
| et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Harpers Hot Shot Trucking, LLC's ("Hot Shot") Motion for Partial Dismissal of the Second Amended Complaint as to Count III Sounding in Direct Negligence and Count VII Sounding in Punitive Damages (Doc. No. 24). Plaintiff Liseth Lopez Lezama ("Plaintiff") filed a response (Doc. No. 27), and Hot Shot filed a reply (Doc. No. 30). For the reasons stated herein, Hot Shot's Motion (Doc. No. 24) is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a personal injury case arising from a motor vehicle collision in December 2023. (*See* Second Amended Complaint ("SAC"), Doc. No. 21). Specifically, Plaintiff alleges that one of Hot Shot's employees, Defendant Kyle McComis ("McComis"), rear-ended her vehicle. (*Id.* ¶¶ 7-12, 24). At the time of the collision, McComis was allegedly operating a tractor trailer owned by Hot Shot on a straight, level section of Interstate-40, in clear weather conditions, at a speed too great for him to safely stop in heavy traffic conditions. (*Id.* ¶¶ 25-26).

Plaintiff brings claims of negligence and negligence *per se* against McComis. (*Id.* ¶¶ 13-17). Additionally, Plaintiff claims Hot Shot is vicariously liable for McComis' negligence and directly liable for its own negligent hiring, training, supervision, and retention, and seeks punitive

1

damages. (*See id*. ¶¶ 18-38, 48-49). However, the SAC alleges no facts as to Hot Shot in relation to the collision. Instead, Plaintiff pleads what can be best described as hypotheticals that, if true, would serve as a basis for negligent hiring, training, supervision, and retention of McComis by Hot Shot.

## II.     STANDARD OF REVIEW

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive such a motion, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.

## III.     ANALYSIS

Count III asserts a claim against Hot Shot for negligent hiring, training, supervision, and retention. (Second Am. Compl. ¶¶ 23-38). Most of the paragraphs in Count III make statements about how properly hired, vetted, trained, supervised, and qualified drivers generally would not have caused a collision such as that which is the subject of this action. (*Id.* ¶¶ 27-29). Plaintiff then alleges upon "information and belief" that McComis caused the collision "due to lack of professional experience, lack of training, fatigue, distraction, and/or unsafe driving habits" and that Hot Shot failed to properly vet, train, and supervise him. (*Id.* ¶ 30). However, Plaintiff fails to identify what "information" serves as the factual basis for that "belief." Plaintiff may not simply

2

assert claims based "upon information and belief" as a way of avoiding pleading requirements because the mere fact that Plaintiff believes something to be true is insufficient alone to create a "plausible inference" that it is in fact true. *See In re Darvocet, Darvon, & Propoxyphene Prods. Liab. Litig.,* 756 F.3d 917, 931 (6th Cir. 2014).

In subsequent paragraphs of Count III, Plaintiff pleads a list of hypotheticals concerning what liability may attach to Hot Shot "if" certain facts were to exist. (Doc. No. 21 ¶¶ 34-37). However, Plaintiff does not plead any facts to support these hypotheticals other than a repeated laundry list of conclusory words and phrases. Specifically, the "Facts" section of the complaint is void of any facts that could be applied to the allegations in Count III regarding Hot Shot's alleged failure to hire, train, supervise, and retain McComis. More to the point, Plaintiff does not allege that Hot Shot failed to determine McComis lacked experience, lacked training, was fatigued, was distracted, and/or had unsafe driving habits. For example, Plaintiff does not allege how Hot Shot failed to train McComis. In fact, other than inclusion in the same boilerplate list, McComis's training is not discussed at all.

Moreover, Plaintiff does not allege facts to establish that McComis is liable because of the laundry list asserted against Hot Shot. Specifically, Plaintiff alleged that the accident was caused by inadequate "attention to the road," failure to "keep a proper lookout ahead," failure to "drive at a reasonable and safe speed," failure to "see all that came within his line of sight," and failure to "drive in a reasonable, careful and prudent manner." (*Id.* ¶ 14). Even accepting the factual allegations as true and drawing all inferences in Plaintiff's favor, the SAC appears to tell two different stories – one that caused the collision by McComis and one that would, hypothetically, result in liability against Hot Shot. But the laundry list of actions Hot Shot allegedly failed to do, as found in Count III, do not appear to have caused the collision as asserted in the "Facts" section

and in Count I. This is not just an alternative legal basis for liability, it is a completely different factual basis.

Ultimately, Plaintiff has failed to plead any facts – beyond conclusory statements masked as "facts" – to support Count III of the SAC. And because Count III fails to state a claim upon which relief can be granted, the related demand for punitive damages against Hot Shot also fails. Accordingly, Hot Shot's Motion (Doc. No. 24) is **GRANTED**

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE