# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| LISBETH LOPEZ LEZAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:24-CV-01347 |
| | ) | |
| KYLE MCCOMIS and HARPERS HOT | ) | JUDGE CAMPBELL |
| SHOT TRUCKING, LLC, | ) | MAGISTRATE JUDGE EVANS |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Kyle McComis's partial motion to dismiss Count VII of the Second Amended Complaint. (Doc. No. 39). For the reasons stated below, the motion to dismiss Count VII is **DENIED**.

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## II.  ANALYSIS

This a personal injury case arising from a motor vehicle collision in December 2023. (*See* Doc. No. 21). Specifically, Plaintiff alleges that McComis, an employee of Defendant Harpers Hot Shot Trucking, LLC, rear ended her vehicle. (*Id.*, ¶¶ 7-12, 24). In Count VII, Plaintiff alleges McComis's conduct was "reckless, willful and wonton, and demonstrates a conscious indifference to the consequences of [his] actions and entitles Plaintiff to an award of punitive damages." (*Id.*, ¶¶ 48-49).

McComis seeks dismissal of Count VII on grounds that the factual allegations about the circumstances of the accident do not support the inference that McComis was reckless and consciously disregarded a known risk of harm and notes that there are, for example, no fact establishing that McComis was inebriated or driving under the influence of drugs or alcohol at the time of the collision. McComis states that these are "the limited circumstances that Court tend to award punitive damages claims under Tennessee law." (Doc. No. 39 at 2; Doc. No. 39-1 at 2).

Defendant is correct that punitive damages are awarded only upon a showing of defendant's "intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence." *See Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992). At this juncture, Plaintiff's allegations that McComis was driving a 2020 Freightliner Cascadia tractor truck at too close a distance and too fast for conditions when he rear-ended Plaintiff's car plausibly support an inference that McComis acted recklessly at the time of the crash. It is possible that discovery and development of the factual record will show that an award of punitive damages cannot be justified, but this determination should be made at a later stage of the case.

Accordingly, the motion to dismiss the "claim" for punitive damages (Doc. No. 39) is

**DENIED**.

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE